UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

**HARLEM DE PAULA TEIXEIRA**

v.  Civil No. 25-cv-421-SE-AJ

**CHRISTOPHER BRACKETT**, STRAFFORD COUNTY DEPARTMENT OF CORRECTIONS, SUPERINTENDENT;
**PATRICIA HYDE,** US IMMIGRATION AND CUSTOMS ENFORCEMENT, BOSTON FIELD OFFICE ACTING DIRECTOR;
**TODD LYONS,** US IMMIGRATION AND CUSTOMS ENFORCEMENT, ACTING DIRECTOR;
**KRISTI NOEM,** US DEPARTMENT OF HOMELAND SECURITY, SECRETARY;
**PAMELA BONDI,** US ATTORNEY GENERAL

**O R D E R**

Petitioner, a civil immigration detainee from Brazil, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), asserting claims of unlawful detention in violation of the Immigration and Naturalization Act and Petitioner's federal constitutional rights, including his right to due process. Petitioner is at the Strafford County Department of Corrections ("SCDC"), in United States Immigration and Customs Enforcement ("ICE") custody, pending removal proceedings. The Petition is before this court to determine whether the claims asserted are not facially invalid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b); LR 4.3(d)(4).

Petitioner came to the United States in May 2023 and was placed in removal proceedings and released on his own recognizance by a border patrol agent. He asserts he has appeared for all immigration proceedings. His U.S. citizen spouse has filed a petition seeking to allow him to stay

in the United States. ICE agents arrested Petitioner on October 20, 2025, and he remains in ICE custody without any likelihood of a bond hearing before an Immigration Judge who would release him on bond.

Petitioner asserts he is entitled to a bond hearing in Immigration Court. Pursuant to the September 6, 2025, Board of Immigration Appeals ("BIA") decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), it appears likely that the Federal Respondents will determine that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). Petitioner asserts that he has been convicted of no disqualifying crime, and he asks this court, among other things, to issue a restraining order preventing Respondents from transferring him out of New Hampshire and to issue a writ of habeas corpus ordering his immediate release.

The due process and Immigration and Naturalization Act claims in the Petition do not appear to be invalid on the face of the petition. Accordingly, the Clerk's office shall:

- Immediately provide a copy of this Order to the Civil Bureau Chief of the Office of the U.S. Attorney for the District of New Hampshire;

- Deliver a copy of the Petition and this Order to the Office of the U.S. Attorney for the District of New Hampshire, to the attention of the Civil Process Clerk;

- Provide the same documents to the U.S. Marshals Service for service upon the SCDC Superintendent, pursuant to Fed. R. Civ. P. 4(j)(2); and

- Send copies of the Petition and this Order by certified mail to:

  - **Patricia H. Hyde**, Boston Field Office Acting Director, U.S. Immigration and Customs Enforcement, 1000 District Ave., Burlington, MA 01803;

  - **Todd Lyons**, Acting Director, U.S. Immigration and Customs Enforcement, 500 12th St. SW, Washington, D.C. 20536;

  - **Kristi Noem**, Secretary, U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave. SE, Washington, D.C. 20528; and

  - **Pamela Bondi**, U.S. Attorney General, 950 Pennsylvania Ave. NW, Washington, D.C. 20530.

The Federal Respondents must file an answer or dispositive motion in response to the petition (Doc. No. 1) by November 3, 2025.  If any respondent files a dispositive motion in lieu of an answer, that respondent's deadline for filing an answer is extended until fourteen days after the court rules on the dispositive motion.  No more than fourteen days after the answer is filed, respondents shall file either a motion for summary judgment, or a statement representing that an evidentiary hearing is necessary.

The SCDC Superintendent must file an appearance in this matter within fourteen (14) days of service upon him.  The SCDC Superintendent is not required to file an answer, dispositive motion, or other response to the petition until further court order.

Any party may request a status conference at any time, including before service on Respondents is complete.

Respondents shall provide this court with at least 72 hours of advance notice of any scheduled removal or transfer of Petitioner out of this court's jurisdiction.  Such notice shall be filed in writing on the docket of this proceeding and shall state the reasons for such action and why the move should not be stayed pending further court proceedings.  Notice of Petitioner's release from custody may be provided after the fact.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

October 28, 2025

cc:   Fernanda Romeiro, Esq.